HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN L. SMITH,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

CASE NO. C11-6028-RBL-JRC

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

(Dkt. #32)

THIS MATTER is before the Court on Plaintiff's motion for attorney's fees and expenses. Plaintiff Smith argues that Defendant Commissioner's litigation defending the Administrative Law Judge's denial of disability benefits was not substantially justified, and that he is entitled to attorney's fees under the Equal Access to Justice Act. The Commissioner contends that the despite this Court's reversing of the ALJ's decision, it was nonetheless substantially justified. Because this Court determined the ALJ's decision was reversible error, the Commissioner's defense of the ALJ's procedural error was not substantially justified under the EAJA. Therefore, Smith's motion for attorney's fees (Dkt. #32) is **GRANTED**.

## I. BACKGROUND

Smith filed for disability benefits under the Social Security Act in May 2008. The Commissioner denied his application and his subsequent request for reconsideration. Administrative Law Judge Marguerite Schellentrager held a hearing on Smith's claim in August 2010. The ALJ ruled Smith was not disabled under the SSA. The Appeals Council denied Smith's request for review.

Having exhausted his administrative remedies, Smith filed suit in this Court before seeking judicial review of the ALJ's decision. In January 2013, Magistrate Judge Creatura issued a Report and Recommendation determining that the ALJ's decision contained several errors.

First, the ALJ erred in her evaluation of the medical evidence: the ALJ's conclusions regarding Smith's treating physicians' testimony were not based on "substantial evidence in the record as a whole." Dkt. #26 at 11. Judge Creatura determined that the ALJ's reasons for not fully crediting Dr. Williams' and Dr. Coons' testimony were not clear and convincing, nor were they "specific, legitimate and supported by substantial evidence in the record as a whole." *Id*. And he determined that the ALJ had failed to discuss significant probative evidence in connection with Dr. Zaidi's testimony. *Id*. at 15-16.

Judge Creatura concluded that the ALJ rejected opinions from Smith's doctors in favor of opinions from state agency medical consultants who only reviewed medical records without explaining why her own interpretations, rather than those of the doctors, were correct. *Id*. at 16.

Judge Creatura found that these errors were not harmless, and that they require that the matter be reversed and remanded. *Id*. at 17.

On February 26, 2013, this Court issued an order adopting Judge Creatura's Report and Recommendation, entered judgment for Smith, and remanded the case to the ALJ for further proceedings. Dkt. #30.

Smith now moves for attorney's fees and expenses pursuant to 28 U.S.C. § 2412 (Dkt #32). He requests $7,471.46 in EAJA fees and $32.65 in expenses. . Dkt. #34-1. The Commissioner argues that the despite this Court's reversal of the ALJ's decision, that decision and the Commissioner's defense of it was nonetheless substantially justified. Smith argues that the only correct inquiry is whether the Commissioner's defending of the ALJ's decision was substantially justified. He argues that because the ALJ's decision was based on procedural error, it was not substantially justified.

## II. DISCUSSION

### A. Standard

The EAJA permits an award of fees to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Substantial justification under the EAJA means that the government's position must have a "reasonable basis in law and fact." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (citing *Corbin v. Apfel*, 149 F.3d 1051 (9th Cir. 1998)).

Where the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether the government's position as to the merits of the plaintiff's disability claim was substantially justified. Rather, the relevant question is whether the government's decision to defend the procedural errors committed by the ALJ was substantially justified. *Id*. at 1071.

**B. Substantial Justification**

Smith argues that the Commissioner's litigation defending the ALJ's denial of disability benefits was not substantially justified because this Court found the ALJ's decision to be reversible error. The Commissioner argues the ALJ's decision had a reasonable basis in law and fact, and thus his defense of it was substantially justified.

The correct inquiry is whether the government's decision to defend the procedural errors committed by the ALJ was substantially justified. *See Shafer*, 518 F.3d at 1071. It was not.

*Shafer v. Astrue*, is controlling in this case. In *Shafer*, the ALJ committed many of the same procedural errors regarding evaluating medical evidence as here. For example, the ALJ "disregarded, without explanation," portions of a doctor's testimony. Additionally, the "ALJ erred in rejecting, without providing clear and convincing evidence, treating physician Dr. Kirk Butler's opinion." *Id*. at 1069.

The ALJ committed another procedural error when she made conclusions regarding physicians' testimony that were not based on substantial evidence in the record as a whole. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1991) (A treating physician's can only be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

The *Shafer* court overturned the District Court for the District of Arizona, which held that "the parties in this smatter were engaged in a 'genuine dispute' over an issue about which 'reasonable people' could disagree." 518 F.3d at 1070. The Ninth Circuit found that litigation defending the ALJ's procedural errors was not substantially justified and awarded the plaintiff attorney's fees under the EAJA. This Court previously found that the ALJ committed the same

procedural errors at issue in *Shafer*. It therefore must conclude that the Commissioner's defense of such errors was not substantially justified.

**III. CONCLUSION**

For the reasons explained above, Smith's motion for attorney's fees and costs in the amount of $7,471.46 and $32.65 (Dkt. #32) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 29th day of July, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE